**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jeffrey Brett GOODIN, aka The**
**Hacker, Defendant—**
**Appellant.**

**No. 07–50276.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Dec. 17, 2008.

Wesley Liu Hsu, Esquire, Assistant U.S., Rozella Ann Oliver, Assistant U.S., Michael J. Raphael, Esquire, Assistant U.S., Daniel Benjamin Levin, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: RYMER and M. SMITH, Circuit Judges, and KORMAN,* District Judge.

MEMORANDUM **

A jury convicted Jeffrey Goodin on eleven counts. He appeals his conviction and

* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sentence on the one count that charged violation of the Controlling the Assault of Non–Solicited Pornography and Marketing Act of 2003 (CANSPAM Act), 15 U.S.C. §§ 7701–13 & 18 U.S.C. § 1037 (2006). We affirm.

Although we agree with Goodin that including the "related to" clause in the jury instructions impermissibly expanded the scope of the statute, our review is for plain error because Goodin stipulated to the instruction and failed to object on this basis. *United States v. Olano,* 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Peterson,* 538 F.3d 1064, 1070–71 (9th Cir.2008); Fed.R.Crim.P. 30(d) & 52(b). He has not shown that the error was plain. *See United States v. Turman,* 122 F.3d 1167, 1170–71 (9th Cir. 1997). Although Goodin now suggests that the evidence was insufficient, we cannot say that it was. The evidence was sufficient for the jury to conclude that the e-mail was a 'commercial electronic mail message,' as that term is defined in 15 U.S.C. § 7702(2)(A), and that it did not come within the exception for 'transactional or relationship messages.' Furthermore, Goodin did not argue at trial that the e-mail was outside the scope of the statute. "A failure to give a jury instruction, even if in error, does not seriously affect the fairness and integrity of judicial proceedings if the defense at trial made no argument relevant to the omitted instruction." *United States v. Anderson,* 201 F.3d 1145, 1152 (9th Cir.2000).

The district court calculated a loss for purposes of United States Sentencing Guidelines § 2B1.1(b)(1) and restitution based on the PSR's recommendation and submissions by Earthlink at trial and for sentencing. To us, Earthlink's theory appears seriously flawed. It is difficult for us to see a causal connection between the cost of servers and Goodin's conduct.

However, Goodin never objected to Earthlink's calculation on this basis. While he did claim that the math was fuzzy and that Earthlink was profitable thus its loss was fictional, Goodin failed to put the causation issue on the table by challenging Earthlink's methodology or otherwise letting the district court know that there was a real dispute to resolve. As a result, the issue was not joined and the record is undeveloped. In these circumstances, we see no plain error requiring reversal.

AFFIRMED.